IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES DAVENPORT,

Plaintiff,

-vs-

CASE NO.: 3:14-cv-802-J-34JRK

ENHANCED RECOVERY COMPANY, LLC,

Defendant.

_____/

## COMPLAINT

Plaintiff, JAMES DAVENPORT, by and through her undersigned counsel, sues the Defendant, ENHANCED RECOVERY COMPANY, LLC, and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5), and 15 U.S.C. §1692 K(d).

4. Venue is proper in this District because the Defendant's principal place of business is in this District (Duval County) and the Defendant transacts business in Duval County, Florida.

### FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Decatur County, Georgia.

6. Defendant is a corporation and a citizen of the State of Delaware with its principal place of business at 8014 Bayberry Road, Jacksonville, Florida.

7. The conduct of Defendant which gives rise to the cause of action herein originated by Defendant in this District, Duval County, Florida.

8. Defendant, at all times material, was attempting to collect on an account and/or was making calls on an individual GE Credit card account of "Laqueshia Jones," of whom Plaintiff has no knowledge of (hereinafter the "subject account").

9. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number two (2) to three (3) times a day from June, 2012 through March, 2014, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

10. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, a predictive dialer, or a system using an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls").

11. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

12. In approximately June, 2012, Plaintiff began receiving autodialer calls from Defendant on his cellular telephone number, (678) 973-7355, regarding the subject account.

13. Some or all of Defendant's autodialer calls to Plaintiff's cellular telephone number used an artificial and/or prerecorded voice, as when the message was left, it stated the identical, if not nearly identical thing every time as follows: *"Hello, this message is for ...Laquisha Jones...if*

*you are not this person, please delete this message as it is not for you. This is Enhanced Recovery Company, we are a collection agency attempting to collect a debt, and any information obtained will be used for that purpose. Please contact me about this business matter at 800-685-3118, or visit www.kerc.com and provide the following reference number: 7-5-6-4-5-2-5-0."*

14. The aforementioned messages would start in an artificial or prerecorded male-sounding voice, and then would stop at the point if speaking the name of the person Defendant was calling for, and then after a pause, would state the name of that person they were calling for, "Laquisha Jones, in a different artificial and/or prerecorded voice. Thereafter, the original artificial or prerecorded male voice would continue to speak, and then a similar pause followed by another artificial and/or prerecorded male voice would then speak the reference number.

15. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (678) 973-7355, and was the called party and recipient of Defendant's autodialer calls.

16. The autodialer calls from Defendant came from telephone numbers which included, but are not limited to: 800-685-3118.

17. After receiving several of these autodialer calls in June, 2012 from Defendant, Plaintiff answered five or six of the calls and spoke with representatives of Defendant and informed the Defendant's representatives that he did not know any "Laquisha Jones," that he personally did not owe them any money and that they were calling the wrong number. Further, Plaintiff requested the calls from Defendant stop and to be taken off the Defendant's call list.

18. Despite informing Defendant that he was not the person Defendant was attempting to contact, to stop calling, and that he did not owe the subject debt, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

3

19. The autodialer calls from Defendant continued approximately, on average, two (2) to three (3) times a day from June, 2012, until approximately March, 2014, and potentially continuing. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

20. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant to Plaintiff's cellular telephone number, attached hereto as **Exhibit "A"** is a true and correct copy of some, but not all, of Defendant's autodialer call frequency for the period of August, 2013 through September, 2013, showing approximately forty (40) autodialer calls to Plaintiff's cellular telephone over that period of time.

21. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

22. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond June, 2012, when Plaintiff first advised Defendant that they were calling the wrong number, that she did not owe any debts, and to stop calling Plaintiff.

23. Plaintiff once again attempted to have the Defendant's autodialer calls to Plaintiff's cellular phone stopped by calling Defendant in approximately January, 2014, yet the calls continued until March, 2014.

24. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the

wrong party, do not owe a debt to Defendant, that they do not know the person Defendant is attempting to contact, and advising Defendant to stop calling.

25. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

26. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

27. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

28. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls.

29. Due to Defendant's constant autodialer calls and demands for payment and/or demands for information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

30. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

31. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A), as they were debt collection calls.

32. Defendant violated the TCPA with respect to Plaintiff for each autodialer call made to Plaintiff's cellular telephone number during the period of time beginning approximately June, 2012 until the very last autodialer call made by Defendant to Plaintiff's cellular telephone number.

33. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff first notified Defendant that Defendant was calling the wrong number, that he did not owe the subject debt, that he was not the person they were calling for, and/or to stop calling Plaintiff.

34. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the Fair Debt Collection Practices Act "FDCPA")**

35. Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) above as if fully stated herein:

36. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiff:

(a) The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

(b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

(c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Michael J. Vitoria
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff